Dear Mr. Rattler:
You have requested an opinion of the Attorney General regarding the provisions of Act 753 of the 1992 Regular Session of the Louisiana Legislature which enacted LSA-R.S.37:3551-3567, all of which comprise the "Louisiana Massage Therapist and Massage Establishments Act." You specifically ask whether moneys received by the Louisiana Board of Massage Therapy (Board) from fees or other self-generated sources are exempt from deposit in the state treasury pursuant to Article VII, Section 9(A)(2).
LSA-R.S. 37:3562(F) provides, in pertinent part, the following:
 "Subject to the exceptions contained in Article VII, Section 9 of the Constitution of Louisiana, all money received by the board from fees and other self-generated sources shall be deposited immediately upon receipt in the state treasury and shall be credited to the Bond Security and Redemption Fund. Out of the funds remaining in the Bond Security and Redemption Fund after a sufficient amount is allocated from that fund to pay all obligations secured by the full faith and credit of the state which become due and payable within any fiscal year, the treasurer, prior to placing such remaining funds in the state general fund, shall pay an amount equal to the total amount of funds paid into the state treasury by the board into a special fund which is hereby created in the state treasury and designated as the Louisiana Board of Massage Therapy Fund."
Article VII, Section 9 provides, in pertinent part, the following:
 "Section 9. (A) Deposit in State Treasury. All money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, except that received:
* * *
(2) By trade or professional associations;"
This office has consistently held that it was the intent of the delegates to the Constitutional Convention, when referring to "trade or professional associations," to include agencies of state government which are involved in licensing and regulating persons and firms engaged in the various trades and professions. A careful review of the discussions of the Committee on Revenue Finance and Taxation reveals that, without any question, the majority of the members of that committee intended that the Constitution would exempt from the general provisions of Article VII, Section 9, (1) the various boards and commissions engaged in licensing and regulating and (2) those boards and commissions that are commonly known as "promotional boards." See Attorney General Opinion Nos. 74-1899, 75-23, 78-67A, 82-732, 85-774.
Attorney General Opinion No. 85-774 addressed the issue of whether the Louisiana State Board of Private Security Examiners should be exempt from depositing the money collected by it into the state treasury. LSA-R.S. 37:3295 directed the Private Security Examiners Board to deposit all fees collected by it into the state treasury to be credited to the Bond Security and Redemption Fund. Therein, the author opined that Section 3295 was in conflict with Article VII, Section 9. The author concluded:
 "Therefore, since the Louisiana State Board of Private Security Examiners is involved in licensing and regulating persons, the constitutional exemption from depositing fees received by the Board into the state treasury is applicable."
The author further concluded that, to the extent Article VII, Section 9 exempts the Private Security Examiners from depositing money collected into the state treasury, Section 3295 is unconstitutional and unenforceable.
It is the opinion of this office that the same rationale applies to moneys received by the Louisiana Board of Massage Therapy. It should be noted that LSA-R.S. 37:3562(F), in its opening sentence, recognizes and acknowledges the exceptions contained in Article VII, Section 9.
In conclusion, the Louisiana Board of Massage Therapy is exempt, as a trade and professional association (i.e. a regulatory board), from the provisions of Article VII, Section 9(A) requiring all money received by the state to be deposited in the state treasury.
Trusting this opinion adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0073R